46 F.3d 1122
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mackie BLANKENSHIP, Plaintiff-Appellant,
v.
Joseph P. CONNORS, Sr., Trustee; Paul R. Dean, Trustee;
Thomas H. Saggau, Trustee; William Miller, Trustee; Donald
E. Pierce, Jr., Trustee, and their successors as such of the
United Mine Workers of America Health & Retirement Funds,
Defendants-Appellees.
 No. 94-1842.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 8, 1995.
 
 Mackie Blankenship, Appellant Pro Se. Glenda Sullivan Finch, Corina Marie Trainer, UNITED MINE WORKERS OF AMERICA, Washington, DC, for Appellees.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order affirming the denial of disability benefits by the Trustees of the United Mine Workers of America (UMWA) 1974 Pension Plan and granting summary judgment in favor of Defendants. Finding no error, we affirm.
 
 
 2
 Appellant filed this action against the Trustees of the UMWA alleging that he was wrongfully denied disability pension benefits. He claims that he is disabled as a result of a mining accident in September 1990. The Trustees' actions are reviewed for an abuse of discretion. Boyd v. Trustees of United Mine Workers Health & Retirement Funds, 873 F.2d 57, 59 (4th Cir.1989) (quoting Pension Plan, Art. VIII.A B(1)); see Lockhart v. UMWA 1974 Pension Trust, 5 F.3d 74, 77 (4th Cir.1993). If the administrator's decision is supported by substantial evidence, that decision is not an abuse of discretion. See Boyd, 873 F.2d at 59-60.
 
 
 3
 A claimant is entitled to disability if: (1) he suffered a mining accident; (2) he is receiving Social Security Disability Insurance (SSDI); and (3) the disability for which he was awarded SSDI benefits was caused by the mining accident. Pension Plan, Art. II.C-D.
 
 
 4
 Although Appellant alleged that he was injured in a mine accident in September 1970, the Social Security's administrative law judge (ALJ) determined that Appellant's disability commenced on November 9, 1979, more than nine years after the alleged mine accident. Furthermore, Appellant did not offer an accident report or evidence that he filed a worker's compensation claim to corroborate his claim that he suffered a mining accident in 1970. The only evidence Appellant offered was a letter from his wife to the Social Security's ALJ twenty-one years after the alleged accident claiming that Appellant had been injured in a September 1970 mine accident. Although the letter claimed that the alleged mine accident was witnessed, no testimony from alleged witnesses was ever made a part of the administrative record.* Finally, the medical records that were the most contemporaneous to the alleged mine accident demonstrate that on several occasions it was reported, either by the doctor or the Appellant, that there had been no specific injury or accident causing Appellant's back condition. Therefore, the Trustees did not abuse their discretion in denying Appellant disability benefits. See Boyd, 873 F.2d at 59.
 
 
 5
 Accordingly, we affirm the district court's orders granting the Defendants' motion for summary judgement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The statements submitted by Appellant with his informal brief are not persuasive because none of the declarants personally witnessed the alleged accident and, in any event, the assertions in these materials were accorded due consideration by the district judge in her decision on Appellant's Fed.R.Civ.P. 60(b) motion